IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KENNETH BOWLING,

        Petitioner,

   v.

MARK NOOTH,

        Respondent.

Civil No. 09-117-BR

OPINION AND ORDER

**ANTHONY D. BORNSTEIN**
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

    Attorney for Petitioner

**JOHN R. KROGER**
Attorney General
**SUMMER R. GLEASON**
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus.

## BACKGROUND

On August 17, 2005, a Multnomah County grand jury indicted Petitioner on two counts of Kidnaping in the Second Degree and six counts of Sexual Abuse in the First Degree. The charges arose from an incident in which Petitioner, a transient, lured two 6-year old girls into an abandoned building and sexually molested them.

Following the indictment, Petitioner's attorney filed a motion to suppress statements Petitioner made to law enforcement officers at the time of his arrest on the basis that the statements were induced without proper *Miranda* warnings. The trial court heard argument on Petitioner's motion to suppress and denied the motion.

Petitioner then participated in two settlement conferences with the trial court. Following the second settlement conference, a plea agreement was reached. Petitioner agreed to enter no contest pleas to two counts of Kidnaping in the Second Degree and two counts of Sexual Abuse in the First Degree. In return, the

2 - OPINION AND ORDER -

state agreed to dismiss the remaining charges and to recommend a 70-month term of imprisonment. On March 15, 2006, the trial judge accepted Petitioner's plea and imposed the agreed-upon sentence.

Petitioner did not directly appeal his conviction or sentence. Petitioner did seek state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Bowling v. Hill*, 225 Or. App. 218, 200 P.3d 641 (2008), *rev. denied*, 346 Or. 157, 206 P.3d 191 (2009).

On January 28, 2009, Petitioner file his habeas corpus action in this Court. The Petition for Writ of Habeas Corpus alleges ineffective assistance of trial counsel in three respects: (1) "Confrontation Clause/prior to trial grand jury testimony challenge;" (2) "Locate witness for defense - failure to try; even one time;" and (3) "question Sergeant Berry - Miranda Violation - time of arrest."

Respondent argues Petitioner procedurally defaulted the first and third claims, and that he is not entitled to relief on the merits of the second claim because the state PCR court's decision denying relief on that claim was not contrary to or an unreasonable application of clearly established federal law. In his Memorandum in Support, Petitioner argues that the third claim was not procedurally defaulted because it was fairly presented to

3 - OPINION AND ORDER -

the Oregon courts and that he is entitled to relief on the merits of his claims. In the alternative, Petitioner seeks an evidentiary hearing to adduce testimony on any factual discrepancies that may remain with respect to Petitioner's ineffective assistance claims.

## DISCUSSION

I. **Procedural Default**

   A. **Legal Standards**

Generally, a state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-56 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005).

A "fair presentation" requires a prisoner to state the facts that entitle him to relief, and to reference the federal source of the law on which he relies, or a case analyzing the federal constitutional guarantee upon which he relies, or to simply label his claim "federal." *Baldwin*, 541 U.S. at 32, *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). When a state prisoner fails to exhaust his federal claims in state court and the state court

4 - OPINION AND ORDER -

would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Casey*, 386 F.3d at 920; *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cook v. Schriro*, 538 F.3d 1000, 1025 (2008), *cert. denied*, 129 S. Ct. 1033 (2009). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that failure to consider the claims will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750.

B.   Analysis

1.   Failure to Obtain Grand Jury Notes and/or Testimony of Witness Young

Petitioner addressed counsel's failure to obtain grand jury notes and/or the testimony of witness Young in the state PCR trial court proceeding, and in his brief to the Oregon Court of Appeals. Petitioner did not, however, address this claim in his Petition for Review to the Oregon Supreme Court and he cannot now do so.[1] As such, Petitioner procedurally defaulted this claim.

---

[1] Under Or. Rev. Stat. § 138.071, direct appeals must be filed not later than 30 days after the judgment or order appealed from was entered in the register. Under Or. Rev. Stat. § 138.550(3), all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims no so asserted are deemed waived. Finally, Or. Rev. Stat. § 2.520 requires petitions for review to Oregon's Supreme Court to be filed within 35 days of the Oregon Court of Appeals' decision.

5 - OPINION AND ORDER -

Because Petitioner has not established cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default, he is not entitled to habeas relief on this claim.

### 2. Failure to Question Sergeant Berry Regarding Miranda Violation

Respondent argues Petitioner procedurally defaulted his third claim because he did not allege the claim, as worded here, in his PCR Petition.  In his PCR Petition, Petitioner alleged trial counsel was ineffective "in failing to file any pretrial motions, including but not limited to ... [m]otion to suppress evidence."  In his deposition testimony in the PCR proceeding, however, Petitioner admitted his attorney did file a motion to suppress, which was denied.  He stated that counsel was ineffective because counsel "failed to question Sergeant Berry on my arrest for violation of my Miranda rights." Resp. Exh. 138, p. 5.

During the PCR evidentiary hearing, Petitioner's attorney reiterated this statement:

> One of the main issues that [Petitioner] feels that [his trial attorney] did not investigate was he failed to question Sergeant Berry about his Miranda violation when [Petitioner] was arrested.

Resp. Exh. 143, p. 6.  The PCR trial judge addressed the claim on the merits when he denied relief:

> The motion -- motions were properly filed. *Motions were properly argued*.  They were denied, but that's not

6 - OPINION AND ORDER -

> [trial counsel's] doing. I do not find there is anything else [trial counsel] could or should have done.

Resp. 140, p. 11 (emphasis added).

Petitioner's brief on appeal contained the identical language, and stated "[a]lthough [trial counsel] filed a motion to suppress statements, the record does not indicate that the motion was properly heard or argued, and was certainly not preserved for appeal when petitioner entered a plea of no contest." Resp. Exh. 142, p. 10. Respondent's brief addressed this argument on the merits; no mention of procedural deficiency was made. Finally, the Petition for Review to the Oregon Supreme Court framed the issue as follows: "Counsel, although he did file a motion to suppress petitioner's statements to police, failed to argue it in a manner that would have secured the suppression of those statements or allowed him to appeal the denial of the motion." Resp. Exh. 144, p. 3.

On this record, the Court concludes Petitioner's third claim was fairly presented to the state courts. Although the claim was not included in the formal PCR Petition, the PCR trial court decided the claim on the merits, and it was the merits of the claim which were presented and argued throughout the appeal process. Accordingly, Petitioner did not procedurally default his third claim.

7 - OPINION AND ORDER -

**II.  Relief on the Merits**

    **A.   Legal Standards**

Under 28 U.S.C. § 2254(d)(1), habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent."  *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003).  A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Williams v. Taylor*, 529 U.S. 362, 409 (2000).  Instead, habeas relief may be granted only "in cases where there is no possibility fairminded jurists could disagree that the state

8 - OPINION AND ORDER -

court's decision conflicts with [the Supreme Court's] precedents." *Harrington v. Richter*, --- S. Ct. ---, 131 S. Ct. 770, 786 (2011).

An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the ... case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Williams*, 529 U.S. at 413), *cert. denied*, 546 U.S. 963 (2005). "'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974.

A federal court considering a petition for writ of habeas corpus must also give considerable deference to a state court's factual findings. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. *Lambert*, 393 F.3d at 976-77.

9 - OPINION AND ORDER -

In conducting a review under § 2254, this Court must look to the last reasoned state-court decision. *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) (citing *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002)), *cert. denied*, 541 U.S. 1037 (2004). A written decision from the state court explaining the state court's reasoning, however, is not necessary to determine whether a state court's decision resulted from an unreasonable legal or factual decision. *Harrington*, 131 S. Ct. at 784-85.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 790 (citations omitted).

The same two-part standard set forth in *Strickland* applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52 (1985). When a habeas petitioner has pleaded guilty, the "performance" prong requires a showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Id.* at 56-59. The "prejudice" prong "focuses on whether counsel's constitutionally

10 - OPINION AND ORDER -

ineffective performance affected the outcome of the plea process." *Id*. at 59.  The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id*.

In *Premo v. Moore*, --- U.S. ---, 131 S. Ct. 733 (2011), the Supreme Court recently addressed the deference required in evaluating a federal habeas claim based upon ineffective assistance of counsel in a plea context.  The Court noted that because "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks," strict adherence to the deferential *Strickland* standard is "all the more essential when reviewing the choices an attorney made at the plea bargain stage."  *Id.* at 742.  "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."  *Id.* at 740.

**B.    Analysis**

**1.    Failure to Locate Witness**

Petitioner argues trial counsel was ineffective because he failed to secure the attendance of Mike Rousseu as a witness.

11 - OPINION AND ORDER -

In his PCR deposition, Petitioner stated that Rousseu would have testified that Petitioner had lost his pocket-knife and could not locate it.[2]  Petitioner did not, however, present testimony or other evidence from Rousseu.  He did not demonstrate that Rousseu would have actually testified or that the testimony would have changed the outcome of the case.  Most important, Petitioner did not demonstrate that additional investigation would have uncovered information critical to his decision to plead guilty.

The PCR trial court's decision denying relief on Petitioner's second claim was not contrary to or an unreasonable application of *Strickland*.  Accordingly, Petitioner is not entitled to habeas corpus relief on this claim.

### 2. Failure to Question Sergeant Berry Regarding Miranda Violation

Petitioner argues counsel was ineffective in failing to question the police officer who interrogated Petitioner regarding Petitioner's *Miranda* rights.  Again, however, in the PCR proceeding Petitioner did not present any testimony or other evidence indicating how the police officer would have responded or how those responses would have affected Petitioner's motion to suppress.  Again, Petitioner did not demonstrate that questioning

---

[2]The two victims reported that Petitioner had a knife, but that he did not threaten them with it.  When police searched Petitioner's residence they found a total of three knives, including a four-inch pocket-knife that was found in plain view.

12 - OPINION AND ORDER -

the police officer would have uncovered information critical to his decision to plead guilty.

The PCR trial court's decision that the motion to suppress was properly argued was not contrary to or an unreasonable application of *Strickland*. Accordingly, Petitioner is not entitled to habeas corpus relief on his third claim for relief.

### III. Evidentiary Hearing

Finally, if the Court does not grant habeas relief on the Petition, Petitioner seeks an evidentiary hearing. A petitioner is not entitled to an evidentiary hearing in a habeas proceeding to further develop the merits of his claim unless he diligently attempted to develop the evidence in state court, but was unable to do so. *Williams v. Taylor*, 529 U.S. 420, 433-38 (2000). If a petitioner failed to diligently develop the evidence, an evidentiary hearing is permitted only if the claim relies on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(I) and (ii). In addition, the facts underlying the claim must be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have

found the petitioner guilty of the underlying offense.  28 U.S.C. § 2254(e)(2)(B).

Petitioner's request for an evidentiary hearing is denied.  Petitioner does not offer proof as to the evidence he would seek to present in an evidentiary hearing.  More important, Petitioner does not present any reason why he did not present such evidence during his state PCR proceedings.

## CONCLUSION

For these reasons, the Court **DENIES** the Petition for Writ of Habeas Corpus and **DISMISSES** this action.

In light of the disposition of this matter, the Court **DENIES** Petitioner's *pro se* Motion for Injunction and Restraining Order [#56].

The Court **DENIES** a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 25th day of March, 2011.

                                        /s/ Anna J. Brown
                                            ANNA J. BROWN
                                            United States District Judge